Case 3:15-cv-03604-B   Document 1-6   Filed 11/06/15   Page 1 of 17   PageID 18

2 CIT/ MATTY

FILED
DALLAS COUNTY
8/18/2015 4:52:16 PM
FELICIA PITRE
DISTRICT CLERK

Gay Smith

CAUSE NO. DC-15-09530

| GUADALUPE GARCIA, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | DALLAS COUNTY, TEXAS, |
| | § | |
| | § | 68TH-C |
| STATE FARM LLOYDS AND ERIK | § | ~~XXXXX~~ |
| BORING. | § | _____ TH JUDICIAL DISTRICT |
| Defendants. | | |

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Guadalupe Garcia ("Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of State Farm Lloyds ("State Farm") and Erik Boring ("Boring") (to whom will be collectively referred as "Defendants"), and for her cause of action, Plaintiff would respectfully show this Honorable Court the following:

**DISCOVERY CONTROL PLAN**

1.  Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

**PARTIES**

2.  Plaintiff, Guadalupe Garcia is an individual residing in Dallas County, Texas.

3.  Defendant State Farm is a domestic insurance company engaged in the business of insurance in Texas, with its principal office located in 17301 Preston Road, Dallas, Texas 75252-5727. Defendant State Farm may be served at that same address through its Registered Agent, Corporation Service Company at 211 East 7th Street, Suite 620, Austin, Texas, 78701. The causes of action asserted arose from or are connected with purposeful acts committed by Defendant.



4. Defendant Erik Boring is an individual residing in and domiciled in the State of Texas and may be served with personal process at 1024 Harmony Circle, Nevada, Texas 75173.

## JURISDICTION

5. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiff reserves the right to amend her petition during and/or after the discovery process.

6. The Court has jurisdiction over Defendant State Farm because this defendant is a domestic insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

7. The Court has jurisdiction over Defendant Boring because this defendant is domiciled in the State of Texas, engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

8. Venue is proper in Dallas County, Texas, because the insured property is situated in Dallas County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

9. Plaintiff is the owner of a Texas Homeowners' Insurance Policy No. 58-BX-Y232-6 (hereinafter referred to as "the Policy"), which was issued by State Farm.

10. Plaintiff owns the insured property, which is specifically located at 814 Hudson Drive, Garland, Texas, in Dallas County (hereinafter referred to as "the Property").

11. State Farm sold the Policy insuring the Property to Plaintiff.

12.     On or about October 6, 2014, a hail storm and/or windstorm struck Dallas County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiff's residence ("the Storm"). Specifically, the Property's roof sustained extensive damage during the storm. The exterior of Plaintiff's home also sustained damge during the storm including, but not limited to, damage to the home's trim board, fascia and air conditioning and wood shed. Plaintiff filed a claim, in accordance with the terms of the Policy, with her insurance company, State Farm, for the damages to her home caused by the Storm.

13.     Plaintiff submitted a claim to State Farm against the Policy as referenced in paragraph 9 above, for Roof Damage and Exterior Damage, the Property sustained as a result of the hail storm and/or windstorm.

14.     Plaintiff asked that State Farm cover the cost of repairs to the Property, including but not limited to, repair and/or replacement of the roof and repair of the exterior damages to the Property, pursuant to the Policy.

15.     Defendant State Farm assigned Defendant Boring as the individual adjuster on the claim. Defendant Boring was improperly trained and/or supervised and failed to perform a thorough investigation of Plaintiff's claim.  Specifically, Defendant Boring conducted a substandard inspection of Plaintiff's property.  The inadequacy of Boring's inspection is evidenced by his report, which failed to include all of Plaintiff's damages and undervalued and under-scoped those damages which were noted.  Specifically, Boring omitted the majority of the damages to the exterior of Plaintiff's home and under-scoped and undervalued the cost to repair and/or replace Plaintiff's roof and exterior damages. Ultimately, Boring's estimate did not allow adequate funds to cover the cost of repairs to all the damages sustained. Specifically, he failed to allow sufficient funds to cover the replacement of the roof and all the damages noted upon inspection. Boring's

inadequate investigation was relied upon by State Farm in this action and resulted in Plaintiff's claim being undervalued and underpaid, thus denying properly covered damages.

16. Defendant State Farm failed to adequately train and supervise Defendant Boring resulting in the unreasonable investigation and improper handling of Plaintiff's claim. Moreover, Defendant State Farm failed to thoroughly review and properly oversee the work of Defendant Boring ultimately approving an improper adjustment of and an inadequate, unfair settlement of Plaintiff's claim. As a result of Defendants' wrongful acts and omissions set forth above and further described herein, Plaintiff was considerably underpaid on their claim and has suffered damages.

17. Together, Defendants State Farm and Boring, set about to deny and/or underpay on properly covered damages. State Farm, and Boring misrepresented to Plaintiff that Defendant Boring's estimate included all of Plaintiff's properly covered hail storm and/or windstorm damages and made sufficient allowances to cover the cost of repairs to the Property pursuant to the Policy when, in fact, the estimate failed to include many of Plaintiff's properly covered storm damages and allowed for an amount wholly insufficient to cover the cost of repairs to the Property. Defendants State Farm and Boring failed to provide full coverage for the damages sustained by Plaintiff and under-scoped and undervalued Plaintiff's damages, thereby denying adequate and sufficient payment on Plaintiff's claim. As a result of these Defendants' unreasonable investigation, Plaintiff's claim was improperly adjusted, and Plaintiff was considerably underpaid on her claim and has suffered damages. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages. To this date, Plaintiff has yet to receive the full payment she is entitled to under the Policy.

18. As detailed in the paragraphs below, State Farm wrongfully denied Plaintiff's claims for repairs of the Property, even though the Policy provided coverage for losses such as those suffered

by Plaintiff. Furthermore, State Farm underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

19. To date, State Farm continues to delay in the payment for the damages to the property. As such, Plaintiff has not been paid in full for the damages to her home.

20. Defendant State Farm failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds due under the Policy, although demand was made for proceeds to be paid in an amount sufficient to cover the damaged property. State Farm's conduct constitutes a breach of the insurance contract between State Farm and Plaintiff.

21. Defendants State Farm and Boring misrepresented to Plaintiff that some damages to the Property were not covered under the Policy, even though the damages were caused by a covered occurrence. Defendants State Farm's and Boring's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

22. Defendants State Farm and Boring failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants State Farm's and Boring's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

23. Defendants State Farm and Boring failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants State Farm and Boring failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants State Farm and Boring did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did

they provide any explanation for the failure to adequately settle Plaintiff's claim. The Conduct of Defendants State Farm and Boring is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

24. Defendants State Farm and Boring failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants State Farm and Boring. The conduct of Defendants State Farm and Boring constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

25. Defendants State Farm and Boring refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants State Farm and Boring failed to conduct a reasonable investigation. Specifically, State Farm and Boring performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. The conduct of Defendants State Farm and Boring constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

26. Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the

statutorily mandated time of receiving notice of Plaintiff's claim. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

27. Defendant State Farm failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

28. Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for her claim. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

29. From and after the time Plaintiff's claim was presented to Defendant State Farm, the liability of State Farm to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, State Farm has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing.

30. Defendants State Farm and Boring knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

31. As a result of Defendants State Farm's and Boring's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing him with respect to these causes of action.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST DEFENDANT BORING
### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

32. During his investigation, Boring failed to properly assess Plaintiff's hail storm and/or windstorm damages. Specifically, during his inspection, Boring spent an inadequate time scoping for damages. Further, Boring omitted covered damages from his report, including damage to the roof and exterior. In addition, the damages that Boring did include in his estimate were both underestimated and undervalued. Specifically, he failed to allow sufficient funds to cover the replacement of the roof, underpriced the cost of materials required for necessary repairs, incorrectly applied material sales tax, failed to include adequate overhead and profit, and improperly calculated the actual cash value of Plaintiff's loss under the Policy.

33. Defendants Boring's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

34. Defendant Boring is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of State Farm, because Defendant Boring is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a

cause of action against him or his under the Texas Insurance Code and subjecting him or her to individual liability)).

35. Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendant's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received. Defendant Boring's unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

36. Defendant Boring's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

37. Defendant Boring failed to explain to Plaintiff the reasons for his offer of an inadequate settlement. Specifically, Defendant Boring failed to offer Plaintiff adequate compensation without proper explanation as to why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did he provide any explanation for the failure to adequately settle Plaintiff's claim. The unfair settlement practice of Defendant Boring as described above, of

failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

38. Defendant Boring did not adequately explain what damages were not being covered under the estimate. Defendant Boring's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

39. Defendant Boring did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiff's exterior and interior damages, although reported by Plaintiff to State Farm. Defendants Boring's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## CAUSES OF ACTION AGAINST STATE FARM ONLY

40. Defendant State Farm is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

41. Defendant State Farm's conduct constitutes a breach of the insurance contract made between State Farm and Plaintiff.

42. Defendant State Farm's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of State Farm's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

43. Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

44. Defendant State Farm's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

45. Defendant State Farm's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though State Farm's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

46. Defendant State Farm's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

47. Defendant State Farm's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of

rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

48. Defendant State Farm's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

49. Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

50. Defendant State Farm's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

51. Defendant State Farm's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

52. Defendant State Farm's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### ACTS CONSTITUTING ACTING AS AGENT

53. As referenced and described above, and further conduct throughout this litigation and lawsuit, Boring is an agent of State Farm based on his acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

54. Separately, and/or in the alternative, as referenced and described above, State Farm ratified the actions and conduct of Boring including the completion of his duties under the common law and statutory law.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

55. Defendant State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

56. "Good faith and fair dealing" is defined as the degree and diligence which a man of ordinary care and prudence would exercise in the management of one's own business. *Arnold v. Nat'l Mut. Fir Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987). This tort arises from Texas law, which recognizes that a special relationship exists as a result of Plaintiff's (the policyholder) and State Farm's (the insurer) unequal bargaining power. Part of this unequal bargaining power results from the fact that State Farm, like other insurers, controls entirely the evaluation, processing and denial of claims.

57. At the time of Boring's inspection and/or investigation, upon which State Farm relied entirely for its investigation, evaluation, and settling of Plaintiff's claim, Boring repeatedly tried to wrongfully minimize Plaintiff's losses. For example, Boring failed to include and/or undervalued many of Plaintiff's covered damages in his report, and failed to give Plaintiff's an adequate explanation as to why so many of the damages were undervalued and/or underpaid. State

Farm ultimately approved the estimate. These are examples of State Farm's bad faith. By not accounting for all the covered damages, Defendants Boring and State Farm did not inspect and evaluate the Property as if it were their own. State Farm's investigation and evaluation was not reasonable, thus, State Farm lacked a reasonable basis for denying or only partially including payment for Plaintiff's covered damages. State Farm's overall conduct in handling Plaintiff's claim was not reasonable.

58. Defendant State Farm's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, State Farm knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

59. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

60. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

61. As previously mentioned, the damages caused by the October 6, 2014, hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants State Farm's and Boring's mishandling of Plaintiff's claim in violation of the laws set forth above.

62. For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claim, together with attorney's fees.

63. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times her actual damages. TEX. INS. CODE §541.152.

64. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

65. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

66. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## REQUEST FOR DISCLOSURE

67.     Under Texas Rules of Civil Procedure 194, Plaintiffs hereby request Defendants State Farm and Boring, each disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a) through (l).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on his behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which she may show herself justly entitled.

Respectfully submitted,

**ARGUELLO, HOPE & ASSOCIATES, P.L.L.C.**

By    /s/ Andres A. Arguello
         Andres A. Arguello
         State Bar of Texas Number: 24089970
         1110 Nasa Parkway, Suite 620
         Houston, Texas 77058
         Telephone: (281) 532-5529
         Facsimile: (281)402-3534
         Email: andres@simplyjustice.com
         *ATTORNEY FOR PLAINTIFF*
         *GUADALUPE GARCIA*

STATE OF TEXAS }
COUNTY OF DALLAS }

I, FELICIA PITRE, Clerk of the District of Dallas County, Texas, do hereby certify that I have compared this instrument to be a true and correct copy of the original as appears on record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office in Dallas, Texas, this 3rd day of Nov., A.D., 2015

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS
By _____ Michael E. Clau__ Deputy